

_____

**The Honorable David T. Thuma**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

RONALD FRED KEYWORTH Jr. and
KAREN ELAINE KEYWORTH,                    Case No. 17-12108-t7

        Debtors.

### DEFAULT ORDER GRANTING RELIEF FROM STAY AND ABANDONMENT OF PROPERTY LOCATED AT 182 TANGLEWOOD CIRCLE

This matter came before the Court on the Motion for Relief from Stay and to Abandon Property at 182 Tanglewood Circle, Datil, NM, filed on August 28, 2017, Docket No. 9 (the "Motion") by First New Mexico Bank of Silver City ("Movant"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

(a)     On August 28, 2017, Movant served the Motion and a notice of the Motion (the "Notice") on counsel of record for the Debtors and the case trustee (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as

authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtor(s) by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

(b)    The Motion relates to the property commonly known as 182 Tanglewood Circle, Datil, NM 87821, with a legal description of:

Lot numbered Twenty Five (25) Wildwood Phase II, A Subdivision per map recorded in slide B-89 of Maps in the office of the county recorder of Catron County, New Mexico, including any improvements, fixtures, and attachments, such as, but not limited to, mobile homes. ] (the "Property").  If there is a conflict between the legal description and the street address, the legal description shall control.

(c)    The Notice specified an objection deadline of 21 days from the date of service of the Notice, to which three days was added under Bankruptcy Rule 9006(f);

(d)    The Notice was sufficient in form and content;

(e)    The objection deadline expired on September 21, 2017;

(f)    As of September 26, 2017, neither the Debtor nor the Trustee, nor any other party in interest, filed an objection to the Motion;

(g)    The Motion is well taken and should be granted as provided herein; and

(h)    By submitting this Order to the Court for entry, the undersigned counsel for Movant certifies under penalty of perjury that, on September 26, 2017, Sherman & Sherman searched the data banks of the Department of Defense Manpower Data Center ("DMDC"), and found that the DMDC does not possess any information indicating that the Debtors are currently on active military duty of the United States.

IT IS THEREFORE ORDERED:

1.     Pursuant to 11 U.S.C. §362(d), Movant and any and all holders of liens against the Property, of any lien priority, are hereby are granted relief from the automatic stay:

(a)     To enforce their rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements, and/or other agreements to which Debtors are a party, to the extent permitted by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against the Debtor or the Property, or both, in any court of competent jurisdiction; and

(b)     To exercise any other right or remedy available to them under law or equity with respect to the Property.

2.     The Trustee is deemed to have abandoned the Property from the estate pursuant to 11 U.S.C. §554 as of the date of entry of this Order, and the Property therefore no longer is property of the estate.  As a result, Movant need not name the Trustee as a defendant in any state court action it may pursue to foreclosure liens against the Property and need not notify the Trustee of any sale of the Property.

3.     The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtor, although the Debtor can be named as a defendant in litigation to obtain an *in rem* judgment or to repossess the Property in accordance with applicable non-bankruptcy law.

4.     This Order does not waive Movant's claim against the estate for any deficiency owed by the Debtor after any foreclosure sale or other disposition of the Property.  Movant may filed an amended proof of claim this bankruptcy case within 30 days after a foreclosure sale of the Property, should it claim that Debtors owe any amount after the sale of the Property.

-3-

5.      This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

6.      This order is effective and enforceable upon entry.  The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.


### END OF ORDER ###


Submitted by:

/s/ Jakub F. Sherman_____
Attorney for First New Mexico Bank of Silver City
210 S. Silver Ave.
Deming, NM 88030
575-546-8846
Jakub33@gmail.com

Copies to:

Debtors
Ronald Fred Keyworth Jr.
Karen Elaine Keyworth
P.O. Box 365
Tijeras, NM 87059


Attorney for Debtor
Donald Provencio
1721 Carlisle Blvd NE
Albuquerque, NM 87110
505-843-7071
Gail.DPLawfirm@comcast.net


Trustee
Yvette J. Gonzales
PO Box 1037
Placitas, NM 87043
505-771-0700
yjgllc@yahoo.com